■    In the Matter of the Claim of FRANKLIN BLANCHARD, Respondent, against U. S. O. CAMP SHOWS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board denying appellants' application to discontinue payments to claimant for an alleged permanent partial disability. The claimant contracted malaria while employed in a U. S. O. show during World War II. He was found to be suffering from a permanent partial disability on this account and awards were made accordingly. The appellants contend that the disability had ceased but the claimant testified that he still suffered recurrent attacks, the most recent in May, 1954. The medical experts were in agreement that it is impossible to determine with certainty whether one is suffering from recurrent malaria, upon the basis of tests or examinations made between seizures; an examination made during an actual seizure is the only way of verifying the claim. The claimant did not advise the appellants of the occurrence of any attack while it was in progress, nor did he obtain medical attention during the alleged attacks in recent years. Nevertheless, the claimant's own testimony constitutes substantial evidence upon the basis of which the board had the right to conclude that the claimant is still suffering from recurrent malaria. However, the claimant should be required to submit to medical examination and, if necessary, to hospitalization during any alleged attack in the future. The decision and award are therefore affirmed, without costs, without prejudice to a renewal of the appellants' application upon the expiration of one year from the date of this decision. If it should appear upon the hearing upon such application that the claimant does not claim to have suffered any attack during the preceding year or that, if he claims to have suffered such an attack, he did not report it to the appellants, or did not, upon request, submit to medical examination or hospitalization, the board should reconsider the continuance of disability payments. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.